UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

In Re:

**Belinda Gray Baldwin**

Case No.  09-09854-8-JRL
Chapter  13

Social Security No.: xxx-xx-3480
Address:406 Rauhut Street, Burlington, NC 27217-

Debtor

## AMENDED OPPOSITION TO MOTION FOR RELIEF FROM STAY

The Debtor, by and through the attorney undersigned, hereby opposes the motion filed by Ocwen Loan Servicing, LLC Servicer for U.S. Bank N.A., in it's capacity as Trustee for MASTR Asset Backed Securities Trust 2002-NC1 Mortgage Pass-Through Certificates, Series 2002-NC1 ("Ocwen Loan Servicing, LLC") (hereinafter "Ocwen"), and dated 11/30/09, in its entirety, based upon the following:

1. The Debtor filed a petition under Chapter 13 commencing the current case on November 10, 2009 ("Petition Date").

2. On the petition date, Debtor was the owner of properties located at 406 Rauhut Lane and 414 Rauhut Lane.  Both properties are located in Burlington, North Carolina.  The debtor's residence is 406 Rauhut Lane.

3. The correct legal description for 406 Rauhut Lane is "Being all of Lot Three (3), as shown on a plat recorded in Plat Book 66, Page 401, Alamance County Registry".

4. The correct legal description for 414 Rauhut Lane is "Being all of Lot One (1), as shown on a plat recorded in Plat Book 66, Page 401, Alamance County Registry".

3. The Debtor disputes Ocwen's claim to a security interest in the 406 Rauhut Lane property based on the following chronology of events, beginning with the Debtor's acquisition of Lot 1 on August 23, 2002.

4. On August 23, 2002, Debtor acquired title to Lot 1 by virtue of a General Warranty Deed from Piedmont Building Inspection Services recorded in Book 1713, Page 683, Alamance County Registry.  The deed recites the grantee's address as 406 Rauhut Lane.  However, the deed contains a legal description for Lot 1, or 414 Rauhut Lane.  On the date of the Lot 1 conveyance, Piedmont Building Inspection Services was also the record owner of Lot 3.  A copy of the August 23, 2002 deed is attached as Exhibit 1.

5. Debtor concurrently executed a Deed of Trust in favor of New Century Mortgage Company, recorded in Book 1713, Page 685, Alamance County Registry.  (hereinafter, the "Ocwen Deed of Trust").   The legal description attached to the Deed of Trust describes Lot 1.  A copy of the Ocwen Deed of Trust is attached as Exhibit 2.

6. Upon information and belief, U.S. Bank N.A., in it's capacity as Trustee for MASTR Asset Backed Securities Trust 2002-NC1 Mortgage Pass-Through Certificates, Series 2002-NC1 is the current holder of the Note secured by the Ocwen Deed of Trust.

6. On October 28, 2002 Piedmont Building Inspection Services conveyed Lot 3 to Anthony Noell and Stacey Noell by General Warranty Deed recorded in Book 1750, Page 192, Alamance County Registry. The deed recites the grantee's address as 414 Rauhut Lane. However, the deed contains a legal description for Lot 3, or 406 Rauhut Lane. A copy of the October 28, 2002 deed is attached as Exhibit 3.

7. Upon information and belief, the Noells executed a purchase money Deed of Trust in favor of New Century Mortgage Company, recorded in Book 1750, Page 194, Alamance County Registry, said Deed of Trust being later satisfied in Book 2158, Page 878, Alamance County Registry. The legal description attached to this Deed of Trust describes Lot 3.

8. Upon information and belief, the Noells refinanced the New Century Mortgage Company note on February 23, 2004, granting a Deed of Trust to the Cit Group/ Consumer Finance Inc., recorded in Book 2042, Page 225, Alamance County Registry. The legal description attached to this Deed of Trust describes Lot 3. A copy of the Cit Group Deed of Trust is attached as Exhibit 4.

9. Upon information and belief, Vericrest Financial Inc. is the current holder of the Note secured by the Deed of Trust granted to Cit Group (hereinafter the "Vericrest Deed of Trust").

10. On March 31, 2003, Debtor filed a Chapter 13 bankruptcy, case # 03-11107. The Debtor's plan was confirmed on July 17, 2003. The confirmation order specifically states that "all property of the estate... shall continue to be property of the estate following confirmation." A copy of the confirmation order is attached as Exhibit 5.

11. A notice of the 2003 bankruptcy was filed in the Alamance County Registry on May 27, 2003. A notice of termination was filed on April 14, 2008. Both notices are attached as Exhibit 6.

12. On January 10, 2008, at the request of the real estate attorney C. Marc O'Neal, the Debtor executed a corrective Deed purporting to convey Lot 1 to Anthony Noell and Stacey Noell. Without approval of the bankruptcy court, this transfer was ineffective to convey title. A copy of this corrective Deed is attached as Exhibit 7.

13. On January 10, 2008, Anthony and Stacey Noell executed a corrective deed, purporting to convey Lot 3 to the Debtor. This corrective deed was an effective transfer of Lot 3, said conveyance being subject to the Vericrest Deed of Trust. A copy of this corrective Deed is attached as Exhibit 8.

13. Also on January 10, 2008, real estate attorney C. Marc O'Neal recorded two corrective Deeds of Trust, purporting to correct the legal descriptions for the Ocwen and Vericrest Deeds of Trust. The Ocwen and Vericrest corrective Deeds of Trust are attached as Exhibits 9 and 10.

14. Because neither the Debtor nor the Noells re-executed the corrective Deeds of Trust, it is assumed that the attorney was attempting to correct the erroneous Deeds of Trust pursuant to NCGS § 47-36.1. However, this statute only allows such method of correction when correcting a "typographical or other minor error in a deed". The legal description, and more specifically the lot number, defines the nature and extent of the creditor's security interest and cannot be classified as a mere typographical or clerical error  Furthermore, even if it can be argued that NCGS § 47-36.1 allows a correction in this instance, the attorney did not comply with the statute requirements, which prior to January 1, 2009, required that "if the statement is

      not signed by the parties who signed the original instrument, it shall state that the person signing the statement is the attorney who drafted the original instrument".

15.     Based on the foregoing, the Debtor holds ownership of Lot 1, subject to the lien of local taxes and the Ocwen Deed of Trust. The Debtor also owns Lot 3, subject to the lien of local taxes and the Vericrest Deed of Trust.   As correctly stated in the petition, it is the Debtor's intention to retain Lot 3 and surrender her interest in Lot 1.

    **WHEREFORE** the Debtor prays that the Court deny the Creditor's motion as to Lot 3, set this matter for hearing, and provide such other relief as to the Court seems just and proper.

Dated: December 15, 2009

                                              **LAW OFFICES OF JOHN T. ORCUTT, P.C.**

                                              /s John T. Orcutt

                                              John T. Orcutt
                                              N.C. State Bar No.: 10212
                                              6616-203 Six Forks Road
                                              Raleigh, NC 27615
                                              (919) 847-9750

GenOppos.wpt (rev. 3/22/06)

## CERTIFICATE OF SERVICE

I, Koury L. Hicks, of the Law Offices of John T. Orcutt, P.C., certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age, and that on December 15, 2009, I served copies of the foregoing amended responsive pleading upon:

Kimberly A. Sheek
(via electronic notification)
Attorney for Ocwen Loan Servicing, LLC
8520 Cliff Cameron Drive, Suite 300
Charlotte, NC 28269

John F. Logan
Chapter 13 Trustee
(via electronic notification)
P.O. Box 61039
Raleigh, N.C.  27661-1039

Belinda Gray Baldwin
(via hand delivery)
406 Rauhut Street
Burlington, NC 27217-

Vericrest Financial, Inc.
(via U.S. Mail)
Attn: Managing Agent
735 1st National Blvd.
Oklahoma City, OK

Alamance County Tax Collector
(via US Mail)
124 West Elm Street
Graham, NC 27523

City of Burlington Tax Collector
 (via US Mail)
425 S. Lexington Ave.
Burlington, NC 27215

Anthony and Stacey Noell
(via US Mail)
414 Rauhut Street
Burlington, NC 27217

O'Neal Law Office
C. Mark O'Neal
(via U.S. Mail)
330 Holly Hill Lane
Burlington NC, 27215

    /s Koury L. Hicks
    Koury L. Hicks