IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NUMBER: |
| BELINDA GRAY BALDWIN | 09-09854-8-JRL |
| Debtor(s) | CHAPTER 13 |

**OBJECTION TO DEBTOR'S CLAIM OF
EXEMPTIONS AND NOTICE THEREOF**

NOW COMES the Chapter 13 Trustee for the above-captioned debtors and hereby timely objects to the exemptions claimed in the debtors Schedule C-1, Local Form Two, Claim of Exemptions, and, in support of this objection, says:

1. One of the principal purposes of claiming exemptions in Chapter 13 is to enable the Trustee, creditors, and the court to determine whether the plan proposed by the debtor or debtors may be confirmed. Conditions precedent to confirmation include whether the plan:

   (a) complies with the provisions of Chapter 13 and other applicable provisions of Title 11, as §1325(a)(1) requires;

   (b) has been proposed in good faith and not by any means forbidden by law, as §1325(a)(3) requires;

   (c) provided that the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the bankruptcy estate were liquidated under Chapter 7, as §1325(a)(4) requires.

2. The Debtor(s) filed a Petition under Chapter 13 of the Bankruptcy Code on or about October 21, 2009. The Debtor's 341 Meeting was held on December 8, 2009.

3. The Debtor's Schedule B – paragraph 35 (other personal property of any kind not already listed) indicates that property of the Debtor's estate includes a "Possible Consumer Rights Claim(s)" with a value of "$-0-."

4. The Debtor's Schedule C, paragraph 7 [Compensation for Personal Injury under

NCGS §1C-1601(a)(7)] attempts to claim exemptions in "Possible Consumer Rights Claim(s). The Source of Compensation (referring to the language in the Local Form) is shown as "unknown".

     5.   The Trustee has received no information to form an opinion as to the exact nature or value of the asset listed on Schedule B or the validity of the asset listed as an exemption on Schedule C, and the Debtor (or Debtors) did not provide any at their §341 meeting of creditors or thereafter.

     6.   If the asset which the Debtor claims (or Debtors claim) as exempt has a value of $-0-, the debtor can not identify with specificity sufficient information to enable a creditor reviewing the debtor's schedules, the Trustee, or the Court to determine the nature of the asset and whether, with certainty, that the entire asset should be allowed as exempt, and to the extent the allowable exemption is limited in dollar amounts that the value of the asset is or will be at or below such limit, then the claimed exemption should be either: (a) denied, (b) denied subject to further review by the Trustee and the Court at such later time as all facts necessary to facilitate such determination have been established, or (c) denied without prejudice to the debtor's right to amend Schedule C to claim such exemption (with sufficient detail) once all necessary facts related to the exemption have been determined subject to the Trustee being given notice and an opportunity to object.

     7.   Upon information and belief, the Debtor's exemptions have been claimed in bad faith.

     8.   The exemption claimed should be denied.

     WHEREFORE, based on the foregoing, the Trustee requests that the Court deny the Debtor's exemption claimed in Schedule C, paragraph 7.

DATED:     January 4, 2010

                                              /s/ John F. Logan, Trustee
                                              John F. Logan
                                              Standing Chapter 13 Trustee
                                              N.C. State Bar No. 12473
                                              P.O. Box 61039
                                              Raleigh, NC  27661-1039
                                              Telephone:  (919)876-1355

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NUMBER: |
| BELINDA GRAY BALDWIN | 09-09854-8-JRL |
| Debtor(s) | CHAPTER 13 |

### NOTICE OF OBJECTION TO DEBTORS' EXEMPTIONS

  NOTICE IS HEREBY GIVEN to the creditor/claimant named above, that if no response to the above objection(s) are filed in writing with the **CLERK, US BANKRUPTCY COURT, PO DRAWER 1441, RALEIGH, NORTH CAROLINA 27602**, within **THIRTY (30) DAYS** of the date of this objection and notice, the relief requested by the Trustee herein may be granted without hearing or further notice.  Any party desiring a hearing must request a hearing in writing with the above Clerk within the time herein set forth; otherwise no hearing will be conducted unless the court, in its discretion, directs that a hearing be set. If a hearing is requested, such hearing will be conducted at a date, time and place to be later fixed by the Court and the parties requesting such a hearing will be notified accordingly.  Any party filing a response and requesting a hearing shall attend the hearing or costs may be assessed against him.

  DATED:   January 4, 2010

                   /s/ John F. Logan, Trustee
                   John F. Logan
                   Standing Chapter 13 Trustee
                   N.C. State Bar No. 12473
                   P.O. Box 61039
                   Raleigh, NC  27661-1039
                   Telephone:  (919)876-1355

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NUMBER:** |
| **BELINDA GRAY BALDWIN** | **09-09854-8-JRL** |
| Debtor(s) | **CHAPTER 13** |

**CERTIFICATE OF SERVICE**

    I, Frances W. Bradley, of P.O. Box 61039, Raleigh, NC  27661-1039, do certify:

    That I am and at all times hereinafter mentioned was, more than eighteen (18) years of age; and

    That I have this day served a copy of the **OBJECTION TO EXEMPTIONS** upon all interested parties in this action by depositing a copy of same in a postage-paid envelope with the United States Postal Service addressed to:

John T. Orcutt, Esq.
6616-203 Six Forks Rd.
Raleigh, NC 27615

Belinda Gray Baldwin
406 Rauhut Street
Burlington, NC 27217

**or, if such interested party is a Filing User, by serving such interested party by electronic transmission, pursuant to Local Rule 5005-4(9)(b).**

    I certify under penalty of perjury that the foregoing is true and correct.

    EXECUTED ON:  January 4, 2010

                                              /s/ Frances W. Bradley
                                              Frances W. Bradley, NCCP
                                              Case Administrative Supervisor