UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN THE MATTER OF:                                          CASE NUMBER:

**Belinda Gray Baldwin**                                   **09-09854-8-JRL**
SS#: xxx-xx-3480
Mailing Address:
    406 Rauhut Street
    Burlington, NC 27217

    Debtor.                                             Chapter 13

### RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS

    NOW COMES the debtor, in response to the Objection to Debtor's Claim of Exemptions and Notice Thereof (hereinafter "Objection"), filed in the above-captioned case by the chapter 13 Trustee, and hereby opposes such Objection and request that it be denied. In support of this response, the debtor shows unto the court the following:

    1. As indicated by the Trustee in his Objection, on the debtor's Schedule B they list "Possible Consumer Rights Claim(s)" with a value of "$0", and on the Schedule C, the debtor claims an exemption in such "Possible Consumer Rights Claim(s)", in accordance with N.C.G.S. § 1C-1601(a)(8) (Compensation for Personal Injury), with the source of such compensation being listed as "unknown."

    2. As has been previously explained to the Trustee, the language used regarding "Possible Consumer Rights Claim(s) is standard in many cases filed through undersigned's firm, and in particular in cases filed through the Durham office of such firm. As has also been explained, the language is meant to encompass any possible pre-Petition consumer rights causes of action debtors in bankruptcy may have against their creditors, including but not limited to claims for violations of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p); the Fair Credit Reporting Act (15 U.S.C. § 1681, *et. seq.*); the Home Ownership and Equity Protection Act; and/or Article 2, Chapter 75 of the North Carolina General Statutes (Prohibited Acts by Debt Collectors).

    3. It is beyond the scope of undersigned's representation of a debtor in bankruptcy to fully and completely explore any such consumer claims. However, undersigned believes that the failure to list such claims in the bankruptcy schedules might serve to preclude a debtor from subsequently pursuing such claims under the doctrine of *res judicata*. Further, listing such claims serves the further purpose of making the Trustee aware of them, so that he may decide whether or not such claims may be of value to the bankruptcy estate.

4. Despite the Trustee's assertions in paragraph 6 of his Objection that the manner in which undersigned's office lists these potential assets is insufficient to allow him to determine the nature of the asset and whether, with certainty, the entire asset should be allowed as exempt, it is impossible in these cases to list these potential assets or there value with more specificity. As the Fourth Circuit has explained, "prior to judgment, a cause of action's value is unliquidated and contingent, and claiming a specific dollar exemption is, at best, speculation. A cause of action for unliquidated damages requires an investment of funds before a value can even be estimated." *Wissman v. Pittsburgh Nat. Bank*, 942 F.2d 867, 871 (4th Cir. 1991).

5. Undersigned has, in good faith, discussed with the Trustee the possibility of amending the specific "consumer rights" language used in future cases to address both his concerns in light of *Taylor v. Freeland and Kronz*, 503 U.S. 638 (1992), and those concerns of the debtor stated herein above. Further, undersigned remains open to any suggestion by the Trustee which will afford the debtor and the Trustee appropriate protection. Accordingly, the allegation that these exemptions have been claimed in bad faith is specifically and categorically denied.

WHEREFORE, the debtor prays the court to enter an Order denying the Trustee's Objection, and for such other and further relief as this court deems just and proper. In the alternative, the debtor requests a hearing.

Date: February 2, 2010

**Law Offices of John T. Orcutt, P.C. by**

 s./ Joseph A. Bledsoe, III
Joseph A. Bledsoe, III
Attorney at Law
6616-203 Six Forks Road
Raleigh, NC 27615
(919) 847-9750
jbledsoe@johnorcutt.com
NC State Bar No.: 19817

**CERTIFICATE OF SERVICE**

      I, Joseph A. Bledsoe, III, of the Law Offices of John T. Orcutt, P.C., do hereby certify that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; and that on this day, I served copies of the foregoing debtor's **RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS** upon the following parties:

    John F. Logan
    Chapter 13 Trustee
    P. O. Box 61039
    Raleigh, NC 27661

      Unless **automatic electronic noticing** was indicated on the confirmation provided by the Court upon the filing of said document(s), service was accomplished by regular, U.S. mail, first-class postage pre-paid.

      It is under penalty of perjury that I certify the foregoing to be true and correct.

    DATE:  February 2, 2010

                                  **Law Offices of John T. Orcutt, P.C. by**

                                  s./ Joseph A. Bledsoe, III
                                  Joseph A. Bledsoe, III