**SO ORDERED.**

**SIGNED this 07 day of April, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| BELINDA GRAY BALDWIN, | 09-09854-8-JRL |
| DEBTOR. | Chapter 13 |

**ORDER**

This case is before the court on the trustee's objection to the debtor's claim of exemptions. On March 22, 2010, the court conducted a hearing on this matter in Raleigh, North Carolina.

The debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on October 21, 2009. Included on Schedule B, paragraph 35, as property of the debtor's estate are "Possible Consumer Rights Claim(s)" valued at zero dollars. On Schedule C, paragraph 7, the debtor claims an exemption in the "Possible Consumer Rights Claim(s)" arising from an unknown source. The phrase "Possible Consumer Rights Claim(s)" is meant to encompass any possible pre-petition consumer rights causes of action a debtor may have against its creditors, including but not limited to claims for violations of the Fair Debt Collection Practices Act, the Home Ownership and Equity Protection Act, and/or Article 2, Chapter 75 of the North Carolina General Statutes (Prohibited Acts by Debt Collectors).

The trustee objects to the inclusion of these potential claims on the debtor's schedules

because the debtor does not provide sufficiently specific information to allow the trustee to ascertain the exact nature of the asset, whether the entire asset should be allowed as exempt, and to the extent the allowable exemption is limited in dollar amounts that the value of the asset is or will be at or below such limit.  Without more information it is unclear whether the asset claimed fits within the allowable exemptions, and the trustee believes an objection must be raised at this time in order to preserve the right to object should a consumer rights claim arise.  Alternatively, the debtor's attorney asserts that while it is impractical to fully explore any potential consumer claims at the outset of a bankruptcy case, the failure to list such claims in the debtor's bankruptcy schedules might preclude the debtor from subsequently pursuing the claims under the doctrine of res judicata.

To resolve the concerns of both the chapter 13 trustee and the debtor's counsel, the court hereby authorizes the following notation to be added to the debtor's Schedule C when claiming an exemption in "Possible Consumer Rights Claim(s)":

> The debtor claims an exemption in any possible consumer rights claim only to the extent that the settlement/award is found by the Bankruptcy Court, upon the filing of a Motion for Approval of Settlement/Award and for Allowance of Exemptions and an Amendment to this Schedule C, to be in the nature of a personal injury claim, if allowed as exempt under applicable law, or to the extent that it is found to be other than a personal injury claim only to the extent of the dollar amount available to the debtor under another exemption, such as the wildcard exemption, under applicable exemptions law.  The time within which the trustee may object to the claiming of any exemption in this asset, shall be deemed tolled until such time as the Motion and Amendment are filed and served upon the trustee.

Based on the foregoing, the trustee's objection to the debtor's claim of exemptions is hereby OVERRULED.

**"END OF DOCUMENT"**